

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| JOANNE CARTER, | ) | |
| Respondent, | ) | |
| v. | ) | WD79437 |
| | ) | |
| TREASURER OF THE STATE OF | ) | |
| MISSOURI AS CUSTODIAN OF THE | ) | FILED: October 25, 2016 |
| SECOND INJURY FUND, | ) | |
| Appellant. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF HENRY COUNTY
### THE HONORABLE JAMES K. JOURNEY, JUDGE

### BEFORE DIVISION TWO: LISA WHITE HARDWICK, PRESIDING JUDGE,
### KAREN KING MITCHELL AND ANTHONY REX GABBERT, JUDGES

Missouri State Treasurer, as Custodian of the Second Injury Fund ("Fund"), appeals the circuit court's judgment granting Joanne Carter's motion to enforce her deceased husband's workers' compensation award by ordering the Fund to pay his permanent total disability benefits to her. The Fund contends the court had no authority to make findings not originally made in the workers' compensation award and to award benefits that were not originally awarded. For reasons explained herein, we reverse the circuit court's judgment.

## FACTUAL AND PROCEDURAL HISTORY

On January 25, 2005, Carter's husband, Phillip,[1] sustained a work-related injury. He filed a workers' compensation claim against both his employer and the Fund. An Administrative Law Judge ("ALJ") held a hearing on his claim in 2009. At the hearing, the only issues to be determined were:

> 1. Whether Phillip Carter is permanently and totally disabled due to the combined effects of the January 25, 2005 injury and pre-existing disabilities;

> 2. What is the nature and extent of permanent partial disability attributable to the January 25, 2005 injury; and

> 3. Whether [Phillip] Carter is entitled to an award of future medical care.

In August 18, 2009, the ALJ awarded Phillip permanent total disability benefits from the Fund. The award did not include any findings or conclusions regarding any dependents. The ALJ stated that the Fund was to remain liable for permanent total disability benefits "for as long as [Phillip] remains so disabled." The ALJ did not award any benefits, contingent or otherwise, to anyone other than Phillip. No party appealed the ALJ's award.

On April 13, 2014, Phillip died of causes unrelated to his work injury. On June 3, 2014, the administrator for the Fund notified Carter that Phillip's permanent total disability benefits under the August 18, 2009 award terminated as

---

[1] To avoid confusion, we will refer to Joanne Carter as "Carter" and Phillip Carter as "Phillip." No familiarity or disrespect is intended.

of his death. The administrator further informed Carter that there was an overpayment of benefits past his death in the amount of $2,430.84, which needed to be paid back to the Fund. Carter paid this amount back to the Fund as requested. Shortly thereafter, Carter filed for Chapter 13 bankruptcy.

Meanwhile, Carter filed a motion with the Labor and Industrial Relations Commission ("Commission") to substitute herself as a party in Phillip's workers' compensation case and to reinstate Phillip's permanent total disability benefits to pay them to her. The Commission dismissed her motion on July 3, 2014, after determining that it lacked the authority to substitute Carter as a party or to order that she be paid Phillip's permanent total disability benefits because Phillip's August 18, 2009 award was final and contained no basis upon which the Commission could grant such relief. Carter appealed in *Phillip Carter, Deceased v. Missouri State Treasurer, as Custodian of Second Injury Fund*, WD77747, (Mo. App. Oct. 25, 2016), which was argued on the same day as this case and is handed down simultaneously.

While Carter's appeal of the Commission's decision was pending, she filed a petition asking the circuit court to enter Phillip's August 18, 2009 workers' compensation award as a judgment in the circuit court pursuant to Section 287.500.[2] The court entered the award as a judgment. Carter then filed a motion requesting that the court enforce the judgment by ordering the Fund to pay Phillip's permanent total disability benefits to her for her lifetime.

---

[2] All statutory references are to the Revised Statutes of Missouri 2000.

3

The court held an evidentiary hearing. During the hearing, Carter testified that, at the time of Phillip's death, she had been married to him for 52 years and was financially dependent on him. She also testified that Phillip had no other dependents on the date of his injury or his death. Following the hearing, the court entered a judgment in favor of Carter. In the judgment, the court found that Carter was married to Phillip at the time of his injury and remained married to him until he died. Therefore, the court concluded that Carter fulfilled the contingencies to be able to receive Phillip's permanent total disability benefits as his dependent pursuant to *Schoemehl v. Treasurer of Missouri*, 217 S.W.3d 900 (Mo. banc 2007). The court ordered the Fund to pay permanent total disability benefits to Carter from the date of Phillip's death through the remainder of her life. The Fund appeals.

### STANDARD OF REVIEW

The issue in this case is the extent of the circuit court's authority to act with regard to a workers' compensation award that the court enters as its judgment pursuant to Section 287.500. This is a question of statutory interpretation, which we review *de novo*. *Macon Cty. Emergency Servs. Bd. v. Macon Cty. Comm'n*, 485 S.W.3d 353, 355 (Mo. banc 2016). In interpreting a statute, our role "is to ascertain the intent of the legislature from the language used and to consider the words used in their ordinary meaning." *Id*.

4

In its sole point on appeal, the Fund contends the circuit court had no authority to order it to pay Carter permanent total disability benefits because to do so, the court made findings not found in Phillip's workers' compensation award and awarded benefits not ordered in that award. The Fund argues that, when entering a workers' compensation award as a judgment under Section 287.500, the court has no discretion to determine any outstanding factual issues or to decide any merits of the case. We agree that the court erred in ordering the benefit award for Carter.

Section 287.500 provides, in pertinent part:

> Any party in interest may file in the circuit court of the county in which the accident occurred, a certified copy of a memorandum of agreement approved by the division or by the commission or of an order or decision of the division or the commission, or of an award of the division or of the commission from which an application for review or from which an appeal has not been taken, whereupon said court shall render judgment in accordance therewith and notify the parties. Such judgment shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though said judgment were a final judgment which had been rendered in a suit duly heard and determined by said court.

The Supreme Court recently held that, while Section 287.500 "authorizes a circuit court to enter judgment on a final workers' compensation award as if it were an original judgment of the court, the statute affords no discretion to the court in entering a judgment." *State ex rel. ISP Minerals, Inc. v. Labor & Indus. Relations Comm'n*, 465 S.W.3d 471, 476-77 (Mo. banc 2015). "A section 287.500 action

5

is purely ministerial as it does not involve the merits of the award and *the court does not determine any outstanding factual issues*."  *Id*. at 477 (emphasis added).

In this case, the court went beyond the ministerial action of entering a judgment on the ALJ's final award.  The court heard evidence and made factual findings that Carter was Phillip's dependent at the time of his injury and that she fulfilled the contingencies to receive his permanent total disability benefits after his death pursuant to *Schoemehl*.  The court did not merely "enforce" the ALJ's award, as it claimed.  Instead, the court determined outstanding factual issues not found in the award -- Carter's dependency and her fulfillment of the contingencies -- and drew legal conclusions from those factual findings -- Carter's entitlement to benefits under *Schoemehl*.  As we stated in *Roller v. Steelman*, 297 S.W.3d 128, 134 (Mo. App. 2009), a case addressing this same issue, "[t]he circuit court lacked statutory authority under section 287.500 -- or any other statute -- to do this."  Point I is granted.

### CONCLUSION

The circuit court's judgment is reversed.

LISA WHITE HARDWICK, JUDGE

ALL CONCUR.

6