**Phillip CARTER (Deceased);
Edith Carter, Appellant,**

v.

**TREASURER OF the STATE of Missouri—CUSTODIAN OF the SECOND INJURY FUND, Respondent.**

**WD 80524**

Missouri Court of Appeals,
Western District.

OPINION FILED: August 29, 2017

Motion for Rehearing and/or Transfer
to Supreme Court Denied
September 26, 2017

Application for Transfer Denied
November 21, 2017

Benjamin B. Nelson, Columbia, MO, for appellant.

Cara L. Harris, Springfield, MO, for respondent.

Before Division Three: Alok Ahuja, Presiding Judge, Thomas H. Newton, Judge and Cynthia L. Martin, Judge

Cynthia L. Martin, Judge

Edith Carter ("Mrs. Carter") appeals from a final order entered by the Labor and Industrial Relations Commission ("Commission") denying her workers' compensation claim which sought an award for permanent total disability benefits as the surviving dependent of Phillip Carter ("Mr. Carter"). We affirm.

## Factual and Procedural Background

Mr. Carter was injured at work on January 25, 2005. He filed a timely claim for workers' compensation benefits. An Administrative Law Judge ("ALJ") awarded Mr. Carter permanent total disability benefits against the Second Injury Fund ("Fund") on August 18, 2009. The August 18, 2009 award did not include factual findings identifying Mr. Carter's dependents

at the time of his workplace injury. Specifically, the award did not find that Mrs. Carter was Mr. Carter's dependent at the time of his injury. The ALJ's August 18, 2009 award was not appealed and became final twenty days after its entry.[1]

Mr. Carter died on April 13, 2014 of causes unrelated to his workplace injury. The Fund ceased payment of Mr. Carter's permanent total disability benefits at that time.

Mrs. Carter filed a motion with the Commission to substitute herself as the claimant in Mr. Carter's workers' compensation case for the purpose of reinstating his permanent total disability benefits so they could be paid to her. *Carter v. Treasurer of Mo. (Carter I)*, 506 S.W.3d 368, 370 (Mo. App. W.D. 2016). The Commission dismissed Mrs. Carter's motion to substitute. *Id.* We affirmed the Commission's dismissal of the motion to substitute. *Id.* at 373.

While Mrs. Carter's appeal from the Commission's dismissal of her motion to substitute was pending, Mrs. Carter separately filed a petition in the circuit court asking that the ALJ's August 18, 2009 award be entered as a judgment pursuant to section 287.500.[2] *Carter v. Treasurer of Mo. (Carter II)*, 506 S.W.3d 373, 375 (Mo. App. W.D. 2016). The circuit court entered the award as a judgment. *Id.* Mrs. Carter then sought to "enforce the judgment by ordering the Fund pay [Mr. Carter's] permanent total disability benefits to her for her lifetime." *Id.* Following an evidentiary hearing, the circuit court found that Mrs. Carter was a dependent entitled "to receive [Mr. Carter's] permanent total disability benefits . . . pursuant to *Schoemehl v. Treasurer of Missouri*, 217 S.W.3d 900 (Mo. banc 2007)." *Id.* at 375-76. We re-

versed, finding that the circuit court's authority pursuant to section 287.500 was limited to the purely ministerial action of entering a judgment on the ALJ's August 18, 2009 award. *Id.* at 376-77. We thus found that the circuit court had no authority to determine factual issues regarding Mrs. Carter's status as a dependent that were not included in the August 18, 2009 award. *Id.*

While the proceedings at issue in *Carter I* and *Carter II* were pending, Mrs. Carter filed a new claim for compensation with the Commission. The claim form identified Mrs. Carter as the "injured employee," and identified the date of the accident or occupational disease as "death from unrelated cause." The claim form did not identify an employer. The claim form indicated that recovery was sought from the Fund for permanent total disability. Where the claim form asked the "employee" to identify "what the employee was doing and how the injury occurred," Mrs. Carter attached a page explaining why she believed she was entitled to recover "dependent benefits pursuant to *Schoemehl v. Treasurer of the State of Missouri*, 217 S.W.3d 900 (Mo. banc 2007)."

The ALJ issued an award and decision denying Mrs. Carter's claim for compensation. The ALJ found that Mrs. Carter's claim for compensation failed as a matter of law because the claim is only for "*Schoemehl* benefits," and as a result, Mrs. Carter "neither experienced any compensable injury that would be the subject of a valid workers' compensation claim, nor was she an employee pursuant to the Workers' Compensation Act." [L.F. 38] The ALJ found that Mrs. Carter "filed a new injury number that does not contain any of the valid elements of a workers' compensation

---

1. See the version of section 287.480.1 in effect at the time of Mr. Carter's injury.

2. All statutory references are to RSMo 2000 except as otherwise noted.

claim," and noted "[t]his is not the vessel by which to obtain *Schoemehl* benefits which [Mrs.] Carter claims arise from her deceased husband's past worker's compensation claim." [L.F. 38]

Mrs. Carter appealed the ALJ's decision to the Commission. The Commission affirmed the award and decision of the ALJ, adopting the ALJ's findings, conclusions, decision and award except as modified or supplemented by the Commission's award. The Commission's award modified the ALJ's award and decision to find "that it has no basis upon which to award [Mrs.] Carter benefits under this claim for compensation."[3] [L.F. 42] The Commission's award supplemented the ALJ's award and decision by holding as follows:

> On October 25, 2016, the Missouri Court of Appeals for the Western District handed down its opinion in [*Carter I*], a claim founded upon the very same facts as the instant claim (Injury No. 14-045845). The [*Carter I*] court ruled that [Mrs. Carter's] contingent right to *Schoemehl* benefits was extinguished ("not preserved") when the award granting permanent total disability benefits to her husband (the injured employee) became final, because the award did not contain a finding that [Mrs. Carter] was employee's dependent at the time of his injury. Inasmuch as both claims derive from the same facts, we conclude [Mrs. Carter's] contingent right to *Schoemehl* benefits was extinguished when the award granting permanent total disabili-

ty benefits to her husband (the injured employee) in Injury No. 05-014920 became final, in accordance with the holding in [*Carter I*].

[L.F. 42]

Mrs. Carter filed this timely appeal.

## Analysis

Mrs. Carter asserts a single point on appeal. She argues that the Commission's award denying her claim for compensation "violates [her] due process rights under article 1, section 14 of the Missouri Constitution in that the Commission's denial deprived her of any procedure by which she could claim her substantive right to successor benefits under the Missouri Workers' Compensation Law."

Mrs. Carter's appellate brief violates Rule 84.04(e) which requires that:

> For each claim of error, the argument shall ... include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review.

Mrs. Carter has not explained whether her constitutional claim is preserved for our review and if so, how it was preserved.[4] And Mrs. Carter has not afforded us with the applicable standard of review. We would be within the bounds of our discretion to dismiss her appeal on that basis alone. *See, e.g.*, *Washington v. Blackburn*, 286 S.W.3d 818, 821 (Mo. App. E.D. 2009)

---

**3.** The ALJ's award and decision had used the phrase "no jurisdiction or basis." The Commission's modification thus deleted the ALJ's reference to "jurisdiction."

**4.** Mrs. Carter did not raise her constitutional challenge with the Commission. However, we recognize that "[d]eciding constitutional issues is beyond the authority of an administrative agency, and the courts must review agency actions that present constitutional

questions." *Westwood P'ship v. Gogarty*, 103 S.W.3d 152, 162 (Mo. App. E.D. 2003). Thus, by asserting her constitutional challenge in this appeal, Mrs. Carter has preserved the claim by raising it at the first available opportunity. *See Mayes v. Saint Luke's Hosp. of Kan. City*, 430 S.W.3d 260, 266 (Mo. banc 2014) (holding that a constitutional question must be raised at the first available opportunity).

(dismissing an appeal where an appellant's brief violated Rule 84.04 in several particulars including Rule 84.04(e)'s requirement to "provide a standard of review"). We have discretion, however, to review Mrs. Carter's appeal despite her failure to comply with Rule 84.04. *Prosser v. State*, 243 S.W.3d 496, 498 (Mo. App. E.D. 2008).

■■■■ Appellate review of a decision by the Commission in a workers' compensation case is limited. "We will not disturb the Commission's decision in a workers' compensation case unless the Commission acted in excess of its powers, the decision was procured by fraud, the facts found by the Commission do not support the decision, or there was not sufficient competent evidence in the record to support the decision." *Carter I*, 506 S.W.3d at 370 (citing section 287.495.1). "We review questions of

law *de novo*." *Id.* (citing *Gervich v. Condaire, Inc.*, 370 S.W.3d 617, 620 (Mo. banc 2012)).

Here, the Commission found that "it has no basis upon which to award [Mrs. Carter] benefits under [her] claim for compensation." In so doing, the Commission incorporated the ALJ's related findings that Mrs. Carter did not experience a compensable injury that would be the subject of a valid workers' compensation claim; that Mrs. Carter was not an employee pursuant to the Workers' Compensation Act; that Mrs. Carter's claim for compensation did not list an employer; that Mrs. Carter's new injury number did not contain any of the valid elements of a workers' compensation claim; and that use of a new claim for compensation is not a valid "vessel by which to obtain Schoemehl benefits."[5]

**5.** In *Schoemehl v. Treasurer of Missouri*, the Missouri Supreme Court construed sections 287.020.1, 287.200, and 287.230 of the Workers' Compensation Act to require the payment of awarded permanent total disability benefits to a claimant's surviving spouse for the duration of the spouse's life where the claimant died of a non-work related cause *while his claim was still pending.* 217 S.W.3d 900, 901-03 (Mo. banc 2007). The General Assembly amended sections 287.020.1, 287.200, and 287.230 the next year (in 2008) to abrogate *Schoemehl*, and to make it clear that "compensation for a permanent total disability is payable only during the lifetime of the injured employee and is not payable to dependents after the employee's death when the employee dies from causes unrelated to the work injury." *Gervich v. Condaire, Inc.*, 370 S.W.3d 617, 620-21 (Mo. banc 2012).

Missouri courts thereafter concluded that the 2008 amendments to the Workers' Compensation Act could not be retroactively applied, and could apply only to claims initiated *after* the effective date of the amendments. *Id.* at 621 (citing with approval *Tilley v. USF Holland Inc.*, 325 S.W.3d 487, 494 (Mo. App. E.D. 2010); *Roller v. Steelman*, 297 S.W.3d 128, 132 (Mo. App. W.D. 2009); *Lawson v. Treasurer of Mo.*, 281 S.W.3d 851, 854 (Mo. App. S.D. 2009); *Bennett v. Treasurer of Mo.*, 271 S.W.3d 49, 53 (Mo. App. W.D. 2008)). As

such, our Supreme Court has found that *Schoemehl* benefits are available when a dependent moves to substitute for a deceased claimant so long as the claimant's claim was initiated **before** the 2008 statutory amendments, **and** so long as the claim was pending and was not final at the time of the claimant's death and the request by the dependent to be substituted. *Gervich*, 370 S.W.3d at 622-24 (holding that wife could receive permanent total disability payments after the death of her husband where the husband's claim was pending before the effective date of the 2008 statutory amendments and was still pending at the time of his death, even though husband's death occurred after the effective date of the 2008 statutory amendments, as wife's status as a dependent was subject to determination as of the time of husband's injury); *Strait v. Treasurer of Mo.*, 257 S.W.3d 600, 601-02 (Mo. banc 2008) (holding that children could receive permanent total disability payments after the death of their mother where the mother's claim was pending before the effective date of the 2008 statutory amendments and was still pending at the time of her death).

*Strait* held that if a worker's compensation claim is "no longer pending, and ... ha[s] been closed, then *Schoemehl* cannot be applied to allow the substitution of ... depen-

[L.F. 38, 42] The Commission also held that our decision in *Carter I* required the Commission to conclude that Mrs. Carter's "contingent right to *Schoemehl* benefits was extinguished when the award granting permanent total disability benefits to her husband (the injured employee) . . . became final." [L.F. 42]

■ Mrs. Carter's sole point on appeal does not claim error with respect to any of the Commission's findings or conclusions. Instead, Mrs. Carter complains that the effect of the Commission's award is to deny her due process by depriving her of "any procedure by which she could claim" successor permanent total disability benefits pursuant to *Schoemehl*. Her claim is without merit.

We addressed and rejected the same claim in *Carter I*, where Mrs. Carter argued "that her right to due process was violated because there was no procedure available to her to litigate her right to *Schoemehl* benefits." 506 S.W.3d at 373. *Carter I* held:

> dents as beneficiaries of [the claimant's] permanent total disability benefits." 257 S.W.3d at 602. Intermediate appellate courts have since held that if the claimant's final award includes factual findings declaring a specific beneficiary to be an eligible dependent of the claimant as of the time of the claimant's injury, those findings leave the claimant's final award "open" (and thus not final) such that the Commission can later determine the dependent's contingent claim to *Schoemehl* benefits after the claimant's death, subject to the dependent's proof of other eligibility requirements. *Carter I*, 506 S.W.3d at 371-73 (discussing *White v. Univ. of Mo., Kan. City*, 375 S.W.3d 908 (Mo. App. W.D. 2012)). The Missouri Supreme Court has not addressed whether factual findings regarding dependent status included in a workers' compensation award are sufficient to leave the award "open" as to authorize the Commission to later amend or change the award to provide *Schoemehl* benefits. For now, however, intermediate appellate precedent authorizes this

If [Mrs.] Carter's dependency at the time of [Mr. Carter's] injury had been established as a matter of law in the final award, it would have preserved the issue of her contingent right to *Schoemehl* benefits for future determination by the Commission. *See, e.g., State ex rel. ISP Minerals, Inc. v. Labor & Indus. Relations Comm'n*, 465 S.W.3d 471, 476 (Mo. banc 2015) (holding that, where a workers' compensation settlement, which was akin to a final award, left the issue of the employee's entitlement to compensation for future medical care indeterminate and "open," the Commission retained the authority to determine the extent of the employer's liability for the "open" claim). Had the issue of [Mrs.] Carter's contingent right to *Schoemehl* benefits been preserved,[6] the Commission would have had the statutory authority to further delineate the award under Section 287.470 after [Mr. Carter's] death due to a "change in condition." If [Mr. Carter] died of a cause unrelated to his work injury and [Mrs.] Carter met the contingencies of remain-

procedural avenue for recovering *Schoemehl* benefits, and is controlling.

6. A dependent's right to *Schoemehl* benefits cannot be awarded outright in a workers' compensation award that becomes final while the claimant is still living because although the award can determine a person's status as a dependent at the time of the claimant's work related injury, that is but one of three "conditions" a dependent must establish to be entitled to *Schoemehl* benefits. *White*, 375 S.W.3d at 912-13. The other two conditions—surviving the claimant, and remaining a dependent at the time of the claimant's death—are contingencies that cannot be conclusively determined if the claimant is still alive when the worker's compensation award becomes final. *Id.; cf. Strait*, 257 S.W.3d at 602 (determining eligibility for *Schoemehl* benefits and including same in final award where claimant died while claim was pending and before award became final); *Gervich*, 370 S.W.3d at 622-24 (for the same proposition).

ing married to [Mr. Carter] until his death and of not predeceasing him, then the Commission could have awarded her benefits under *Schoemehl*. . . .

Thus, a procedure for obtaining *Schoemehl* benefits was available to [Mrs.] Carter. . . . [H]owever, the failure to address her dependency status in [Mr. Carter's] final award precludes the Commission from now determining her entitlement to *Schoemehl* benefits.

*Id.* Our mandate was issued in *Carter I* on February 1, 2017. *Carter I*'s rejection of a due process claim challenging the strict parameters imposed on preserving a claim to *Schoemehl* benefits was recently cited as authoritative in *Edwards v. Treasurer of Mo.*, No. ED 105061, 529 S.W.3d 7, 12, 2017 WL 2118620, *4 (Mo. App. E.D. May 16, 2017).[7]

 Mrs. Carter's brief challenges the holding in *Carter I*. However, Mrs. Carter is estopped to do so by the doctrine of collateral estoppel. "Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue that was necessary and unambiguously already decided in a different cause of action." *Kesler v. Curators of the Univ. of Mo.*, 516 S.W.3d 884, 896 (Mo. App. W.D. 2017) (citing *Brown v. Carnahan*, 370 S.W.3d 637, 658 (Mo. banc 2012); *Gamble v. Browning*, 379 S.W.3d 194, 198 (Mo. App. W.D. 2012)).

Collateral estoppel has four elements: (1) the issue decided must be identical; (2) the prior litigation must have resulted in a final decision on the merits; (3) the party to be estopped must have been a party . . . to the prior adjudication, and (4) that party must have had a full and fair opportunity to litigate the issue in the prior suit.

*Stine v. Warford*, 18 S.W.3d 601, 606 (Mo. App. W.D. 2000). All four elements of collateral estoppel are established by our decision to reject Mrs. Carter's identical due process claim in *Carter I*.

Point denied.

## Conclusion

The Commission's final award is affirmed.

All concur

---

7. The Eastern District's decision in *Edwards* remained subject to pending, post-opinion motions on the date this Opinion was issued.