

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| **RUSSELL SCOTT LYNCH,** | ) | |
| | ) | |
| **Appellant,** | ) | **WD81790** |
| | ) | |
| v. | ) | **OPINION FILED:** |
| | ) | **February 13, 2019** |
| **JAMES HURLEY,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
The Honorable Daniel R. Green, Judge

Before Division One:  Cynthia L. Martin, Presiding Judge, Victor C. Howard, Judge and
Thomas H. Newton, Judge

Russell Scott Lynch ("Lynch") appeals from the trial court's judgment dismissing

his petition for declaratory judgment.  Lynch argues that he is entitled to receive credit

against sentences imposed in St. Charles County for time spent in jail in connection with

St. Louis County charges, and for time spent in a long-term treatment program.  We affirm

in part and reverse and remand in part.

## Factual and Procedural Background

On October 22, 2010, Lynch pleaded guilty in St. Charles County in Case No. 0711-CR06162-01 to two charges, represented by Lynch to be burglary and stealing. On the same date, judgment was entered sentencing Lynch to seven years in the Department of Corrections for burglary and three years in the Department of Corrections for stealing, with these sentences to run consecutive to one another, but concurrent with sentences imposed in four cases from St. Louis County: 07SL-CR06306-01, 07SL-CR06299-01, 07SL-CR07249, and 07SL-CR05800-01. In addition, the St. Charles County judgment imposed long-term treatment pursuant to section 217.362[1] for twenty-four months. Thereafter, by order dated November 18, 2010, Lynch was released on probation pursuant to section 217.362, with custodial release occurring on December 12, 2010.

On August 25, 2016, Lynch's probation in the St. Charles County case was revoked, and his previously suspended sentences were executed. As with the initial judgment, the order revoking probation provided that Lynch's sentences would be served consecutively with one another, and concurrently with sentences in the above referenced St. Louis County cases. According to Lynch, he was delivered to the Department of Corrections on September 6, 2016, and he is presently incarcerated at the Northeast Correctional Center in Bowling Green, Missouri.

In all four of the St. Louis County cases, Lynch pled guilty on October 2, 2008, and was placed on probation on December 28, 2009, for three years, with the obligation to

---

[1]All statutory references are to RSMo. Supp. 2008 unless otherwise noted.

remain in custody for two years, and an anticipated custodial release date of December 9, 2010. It appears from the record that long-term treatment pursuant to section 217.362 was also ordered in each of these cases. The record indicates that Lynch successfully completed a two-year treatment program on January 18, 2010, but that other cases required him to remain detained in the Department of Corrections until December 12, 2010, the date which corresponds with Lynch's release pursuant to the probation order entered in the St. Charles County case. Lynch requested early release from the custodial component of the probation orders in the St. Louis County cases (which required him to remain in custody until December 9, 2010), but that request was denied on October 22, 2010. The records support the conclusion that Lynch was either ultimately discharged from probation in the St. Louis County cases, that he is not presently incarcerated in connection with any claimed violation of the terms of probation in those St. Louis County cases, or both.

On November 1, 2017, Lynch filed a petition for declaratory judgment ("Lynch's petition") against the Missouri Department of Corrections ("Department of Corrections") in the Circuit Court of Cole County. Lynch's petition asserted that the Department of Corrections erroneously refused to give Lynch credit against the service of his sentences in the St. Charles County case for two time periods: (i) the time he spent in the St. Louis County jail until his delivery to the Department of Corrections for his sentences in the St. Charles County case, and (ii) for the time he spent in a long-term treatment program in connection with the St. Louis cases.

Lynch's petition claimed that he was entitled to 400 days of credit for the time he spent in custody in the St. Louis County jail from September 11, 2007, to October 15, 2008.

3

Lynch attached exhibits to his petition to support this claim, including copies of his Department of Corrections face sheet, the Department of Corrections' decision following his complaint about credit for the time he spent in custody, and docket sheets from each of the cases for which he was held in custody in the St. Louis County jail.

Lynch's petition further claimed that he was entitled to credit for the entire time he spent in a section 217.362 long-term treatment program, and that the Department of Corrections only gave credit for fifty-seven days, calculated from the time he was sentenced on October 22, 2010, in the St. Charles County case, until December 12, 2010, the day he was released on probation in the St. Charles County case. Lynch's petition did not identify the number of additional days credit to which he believed he is entitled, or the time frame for the additional credit to which he believed he is entitled. Lynch attached exhibits to his petition to support this claim, including copies of his Department of Corrections face sheet, the Department of Corrections' decision following his complaint about credit for the time he spent in custody, documentation from the classification hearing following his successful completion of the long-term treatment program, and docket sheets from his St. Charles County case.

The Department of Corrections filed a motion to dismiss Lynch's petition on January 2, 2018 ("Motion to Dismiss").[2] The Motion to Dismiss argued that Lynch had

---

[2] Lynch's petition named the Department of Corrections as the Respondent. The Motion to Dismiss identifies James Hurley ("Hurley") as the respondent. According to the record, Hurley is a former warden of the Northeast Correctional Center in Bowling Green, the correctional institution where Lynch is an inmate. There is no indication in the record that the trial court substituted Hurley as the properly named party in lieu of the Department of Corrections. Nonetheless, the trial court's judgment uses a case caption that identifies Hurley as the respondent. Plainly, Hurley could only have been the Respondent in his official capacity. Though the official record in this appeal is required to use the same case caption as that which appears on the trial court's judgment, we refer to the Department of Corrections as the respondent throughout this opinion.

4

previously litigated his request for credit for the time he spent in the St. Louis County jail, and that he was collaterally estopped from litigating the same issue in his petition for declaratory judgment. To support this argument, the Department of Corrections attached a copy of a judgment ("Habeas Judgment") entered by the Circuit Court of Pike County ("habeas court") wherein the court entered judgment on Lynch's request for habeas release on the same grounds alleged in the declaratory judgment petition. The Habeas Judgment found that a habeas petition was not the proper method to compel jail-time credit because the one-year credit sought by Lynch would not entitle him to immediate release. Thus, the Habeas Judgment concluded that Lynch's habeas claim was not cognizable. Nonetheless, the Habeas Judgment addressed the merits of Lynch's claim and concluded that Lynch failed to prove that his time in custody in St. Louis County jail was related to the St. Charles County case for which he was currently serving.

The Motion to Dismiss also argued that Lynch's petition failed to allege facts entitling him to relief in connection with the claim for credit for time spent in a long-term treatment program. In particular, the Motion to Dismiss argued that the allegations in Lynch's petition addressed only the time frame for which the Department of Corrections had already awarded Lynch fifty-seven days credit. The Motion to Dismiss asserted that "Lynch does not contend that he should receive credit for time spent in custody before sentencing, and he does not contend that he should receive credit for time spent on probation after probation release."

Lynch filed a response to the Motion to Dismiss which reiterated the arguments in his petition for declaratory judgment and which attached additional exhibits. Thereafter,

5

the trial court issued its memorandum, order, and judgment ("Judgment") granting the Motion to Dismiss and entering judgment in favor of the Department of Corrections.

The Judgment concluded that Lynch's claim for 400 days of credit for the time he spent in the St. Louis County jail until his delivery to the Department of Corrections in connection with the St. Charles County case had already been determined in the Habeas Judgment. The Judgment noted that "[t]he Pike County Circuit Court determined that state habeas was not the proper vehicle by which to litigate jail time credit issues, but it also concluded the claim was meritless." (Citations omitted.) As such, the Judgment concluded that "[p]rinciples of res judicata and collateral estoppel prevent Lynch['s] repetition of the first claim." The Judgment further concluded that Lynch had already received credit for fifty-seven days in connection with the long-term treatment program, and that his petition did not state any facts identifying or requesting "credit for time spent in custody before sentencing . . . and . . . credit for time spent on probation after probation release." Thus, the Judgment found that Lynch's petition failed to allege facts that entitled him to any additional relief.

Lynch appeals.

## Analysis

Lynch's single point relied on argues both that the trial court erred in granting summary judgment in favor of the Department of Corrections, and that the judgment from which he is appealing was a judgment on the pleadings. His point relied on states:

> The Circuit Court of Cole County erred in granting summary judgment to the respondent because the circuit court did not have all the facts in this case matter presented to the courts properly and in detail[.] [T]his petitioner was

6

acting pro se and did not properly present all the case[] laws and evidence[] in this . . . matter to the circuit court[.]

This petitioner will show that [there] is a legal right to judgment and this movant will show material facts required to support [a] claimed right to judgment. . . .

Now on appeal from a judgment on the pleadings, the courts accept the facts alleged in the losing party['s] petition as true. The court [will] uphold the judgment if the facts plead[ed] by the losing party were insufficient as a matter of law, but in this case[] matter if the courts look at all the facts in this cases and all the [exhibits] in the legal file they will see that this matter should be reversed in favor of this petitioner.

(Citations omitted.) Perpetuating the confusion, the argument portion of Lynch's brief does not address whether or how the well-pleaded facts in his petition stated a claim for relief as to prohibit dismissal of the petition, and instead argues about the merits of the claims raised in his petition. The Judgment granted the Motion to Dismiss in reliance on a matter outside the scope of Lynch's petition with respect to the credit for time spent in the St. Louis County jail, but with respect to Lynch's claim for credit for time spent in the long-term treatment program, the Judgment limited its determination to whether the facts pleaded in Lynch's petition stated a claim for relief. We therefore address the claims separately, as the Judgment's disposition of each claim requires us to apply differing standards of review.

***The claim for credit for time spent in the St. Louis County jail***

The Department of Corrections denominated its response to Lynch's petition as a Motion to Dismiss. Yet, with respect to Lynch's claim that he was entitled to credit for the time he spent in the St. Louis County jail, the Motion to Dismiss attached the Habeas

Judgment, and then relied on the Habeas Judgment to argue that Lynch was collaterally estopped from asserting that claim for credit.

Collateral estoppel, or issue preclusion, is an affirmative defense, the proof of which ordinarily requires reliance on matters outside the pleadings to demonstrate that the issue asserted by the plaintiff has been previously litigated to a final judgment. *Noble v. Shawnee Gun Shop, Inc.*, 316 S.W.3d 364, 368 (Mo. App. W.D. 2010). Nonetheless, our Supreme Court has held that a pleading designated as a motion to dismiss may be an appropriate mechanism for raising this defense because collateral estoppel is essentially a "'defense[] . . . alleging the plaintiff has failed to state a claim upon which relief may be granted.'" *Chesterfield Vill., Inc. v. City of Chesterfield*, 64 S.W.3d 315, 318 n.1 (Mo. banc 2002) (quoting *King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 498 (Mo. banc 1991)).

Even so, Rule 55.27(a) tempers the use of a motion to dismiss for that purpose. Rule 55.27(a) provides that, if "matters outside the pleadings are presented to and not excluded by the court" in a motion to dismiss, "the motion shall be treated as one for summary judgment and disposed of as provided by Rule 74.04" provided that "[a]ll parties [are] given reasonable opportunity to present all material made pertinent to such a motion by Rule 74.04." Thus, in *King General Contractors*, our Supreme Court concluded that "[a]lthough [the defendant] delineated its pleading a motion to dismiss and the trial court employed the term 'dismissed' in its order, the [trial] court's action was in essence a grant of summary judgment in favor of [the defendant]." 821 S.W.3d at 498. The Court concluded that the introduction of matters outside the pleadings, which the trial court

8

accepted and considered, automatically transformed the action into one for summary judgment.[3] *Id.* at 499.

Our Supreme Court clarified in *Naylor Senior Citizens Housing, LP v. Side Construction Co.*, that when adjudicating a motion to dismiss, materials outside the four corners of the petition may only be considered if the trial court converts the motion to dismiss into one for summary judgment and provides notice that it is doing so to the parties. 423 S.W.3d 238, 241 n.1 (Mo. banc 2014). "If the trial court gives no such notice and the judgment expressly grants the motion to dismiss, this is an affirmative statement that the trial court did not convert the motion and, more importantly, that it did not consider matters outside the pleadings." *Id.* However, notice to the parties and compliance with the procedural requirements associated with summary judgment is not necessary "when the parties both submit matters outside the pleadings for the court's consideration" because "the parties [effectively] waive notice of the court's conversion of the matter into a motion for summary judgment, and they likewise waive compliance with Rule 74.04's procedural requirements." *Wilson v. Cramer*, 317 S.W.3d 206, 208 (Mo. App. W.D. 2010).

Here, the Department of Corrections attached a copy of the Habeas Judgment to its Motion to Dismiss as support for its argument that Lynch is collaterally estopped from claiming that he is entitled to credit for the time he spent in the St. Louis County jail. Despite the Department of Corrections' introduction of a matter outside the pleadings, the

---

[3]*King* was cited with approval in *Chesterfield Village* for the proposition that collateral estoppel could be raised in a motion to dismiss. 64 S.W.3d at 318 n.1. However, in *Chesterfield Village*, the earlier judgment was attached to the petition, permitting the trial court to consider the affirmative defense raised in the motion to dismiss without having to refer to matters outside the petition. *Id.*

9

trial court did not give notice that it was treating the Motion to Dismiss as a motion for summary judgment. Instead, the trial court allowed Lynch to file a response to the Motion to Dismiss. Lynch's response included additional exhibits for the trial court to consider. Because both the Department of Corrections and Lynch submitted exhibits for the trial court to consider in its disposition of the Motion to Dismiss, they acquiesced in treating this matter as a motion for summary judgment. *Wilson*, 317 S.W.3d at 208-09. As such, we review the trial court's denial of Lynch's claim for credit for time spent in the St. Louis County jail based on the affirmative defense of collateral estoppel under the same standards as a motion for summary judgment. *Spath v. Norris*, 281 S.W.3d 346, 349 (Mo. App. W.D. 2009).

Whether the trial court properly granted summary judgment is a question of law that we review *de novo*. A party is entitled to summary judgment when there is no dispute of material fact so that the moving party is entitled to judgment as a matter of law. *Wilson*, 317 S.W.3d at 209 (citing *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 382 (Mo. banc 1993)). We view the record in the light most favorable to the party against whom summary judgment was entered. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 376. Where, as here, the defendant has raised an affirmative defense, the right to summary judgment may be established by showing any one of the following: "(1) facts that negate any one of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements, or (3) that there is no genuine dispute as to the existence of each of the facts

10

necessary to support the movant's properly-pleaded affirmative defense." *Id.* at 381 (emphasis omitted). Establishing any of the three establishes a right to judgment as a matter of law, assuming the facts underlying this right are beyond dispute. *Id.*

The Department of Corrections' Motion to Dismiss claimed that collateral estoppel precluded Lynch's request for credit for the time he spent in the St. Louis County jail until his delivery to the Department of Corrections for the crimes he committed in St. Charles County. Collateral estoppel "'prohibits the relitigation of an issue that was necessary and unambiguously already decided in a different cause of action.'" *Carter v. Treasurer of State-Custodian of Second Injury Fund*, 532 S.W.3d 203, 209 (Mo. App. W.D. 2017) (quoting *Kesler v. Curators of Univ. of Mo.*, 516 S.W.3d 884, 896 (Mo. App. W.D. 2017)). Collateral estoppel is an affirmative defense that requires proof of four elements:

> (1) the issue decided must be identical; (2) the prior litigation must have resulted in a final decision on the merits; (3) the party to be estopped must have been a party . . . to the prior adjudication[;] and (4) that party must have had a full and fair opportunity to litigate the issue in the prior suit.

*Id.* (quoting *Stine v. Warford*, 18 S.W.3d 601, 606 (Mo. App. W.D. 2000)).

The Habeas Judgment does not have the preclusive effect that the Department of Corrections argued and the trial court found. The Habeas Judgment found that "the one-year credit Lynch seeks would not entitle him to immediate release as he has more than one year left to serve on his sentences," and then concluded that "his claim is not cognizable in habeas corpus" and that his "claim would be properly brought in a declaratory judgment action or in a petition for a writ of mandamus." Only after concluding that Lynch's claim was not cognizable in a habeas proceeding did the habeas court consider the merits of

11

Lynch's claim and conclude that he was not entitled to the credit he claimed. The habeas court's disposition of Lynch's noncognizable claim on its merits "'exceed[ed] the determination required to dispose of a claim [so that the conclusion] is considered gratuitous surplusage.'" *Autumn Ridge Homeowners Ass'n v. Occhipinto*, 311 S.W.3d 415, 420 (Mo. App. W.D. 2010) (quoting *Craft v. Philip Morris Cos.*, 190 S.W.3d 368, 377 (Mo. App. E.D. 2005)). Stated another way, gratuitous conclusions in a judgment do not preclude relitigation of the same issue in a different cause of action. *See State ex rel. Greitens v. Am. Tobacco Co.*, 509 S.W.3d 726, 734 (Mo. banc 2017) ("Under collateral estoppel, also known as issue preclusion, a court's decision about an issue of fact or law that is *necessary* to the court's judgment may preclude relitigation of that issue about a different cause of action involving a party to the first case. (emphasis added)); *Carter*, 532 S.W.3d at 209 ("'Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue that was *necessary* and unambiguously already decided in a different cause of action.'" (quoting *Kesler*, 516 S.W.3d at 896) (emphasis added)). Because the Habeas Judgment's conclusion addressing the merits of Lynch's claim for credit for time served in the St. Louis County jail was not necessary to the Habeas Judgment, which found the claim to be not cognizable in a habeas proceeding, the conclusion on the merits has no preclusive effect. The Department of Corrections did not establish a right to judgment as a matter of law on the affirmative defense of collateral estoppel. The trial court erred in entering judgment in favor of the Department of Corrections in reliance on this defense with respect to Lynch's claim for credit for the time he served in the St. Louis County jail.

12

*The claim for credit for time spent in a long-term treatment program*

Lynch's second claim for credit concerns the time he spent in a long-term treatment program. The Motion to Dismiss argued that Lynch's petition failed to state a claim for relief for this time beyond the fifty-seven days of credit already afforded. The trial court agreed, and the Judgment granted the Motion to Dismiss on the basis alleged in the Motion to Dismiss. Specifically, the Judgment concluded that Lynch's claim failed as a matter of law because he did not allege in his petition the time frame for which he should receive credit beyond the fifty-seven days of credit already received.

"'We review the grant of a motion to dismiss *de novo* and will affirm the dismissal on any meritorious ground stated in the motion.'" *Isom v. Deutsche Bank Nat'l Tr. Co*., 549 S.W.3d 498, 501 (Mo. App. W.D. 2018) (quoting *Gerke v. City of Kansas City*, 493 S.W.3d 433, 436 (Mo. App. W.D. 2016)). "In reviewing the petition to determine if it states a claim, we accept the allegations in the petition as true and grant the plaintiff[] all reasonable inferences from those allegations.'" *Id.* (quoting *Gerke*, 493 S.W.3d at 436). As such, we review Lynch's petition "'in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action.'" *Smith v. Humane Soc'y of U.S*., 519 S.W.3d 789, 798 (Mo. banc 2017) (quoting *Nazeri v. Mo. Valley Coll.*, 860 S.W.2d 303, 306 (Mo. banc 1993)).

Here, though Lynch's petition asked the trial court to declare that Lynch was entitled to credit for the time he served in a long-term treatment program, Lynch's petition fails to identify the days he spent in the long-term treatment program beyond the fifty-seven days for which he has already been awarded credit. As the Judgment found, Lynch's petition

13

does not allege that he was entitled to credit for any time spent in custody before he was sentenced for the St. Charles County offenses on October 22, 2010, or for time spent on probation after his release on probation in connection with the St. Charles County offenses on December 12, 2010. There are no factual allegations in the petition that would support a claim for credit for the time spent in a long-term treatment program beyond the credit already afforded.

The trial court did not err in granting the Motion to Dismiss insofar as the Judgment concluded that Lynch's petition failed to allege facts that would entitled him to any further credit for the time spent in a long-term treatment program beyond the fifty-seven days credit already afforded.

## Conclusion

The Judgment is affirmed insofar as it concluded that Lynch's petition failed to state facts supporting a claim for additional credit for time spent in a long-term treatment program. The Judgment is reversed insofar as it concluded that Lynch's claim for credit for time he spent in the St. Louis County jail before being transferred to the Department of Corrections for crimes committed in St. Charles County was barred by the affirmative defense of collateral estoppel. This matter is remanded to the trial court for further proceedings consistent with this opinion.

_____
Cynthia L. Martin, Judge

All concur

14